Chen v. Sessions

BIA
Christensen, IJ
A205 445 592

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

JIN XING CHEN,
        *Petitioner,*

        v.                                          15-4139
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,*
        *Respondent.*
_____

FOR PETITIONER:          Gerald Karikari, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Douglas

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as the Respondent in this case.

E. Ginsburg, Assistant Director;
Stratton C. Strand, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Xing Chen, a native and citizen of the People's Republic of China, seeks review of a November 24, 2015 decision of the BIA, affirming a March 26, 2014 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Xing Chen,* No. A205 445 592 (B.I.A. Nov. 24, 2015), *aff'g* No. A205 445 592 (Immig. Ct. N.Y.C Mar. 26, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding an applicant's "demeanor, candor, or responsiveness," and on inconsistencies in an applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 77, 76 (2d Cir. 2004)). The totality of the circumstances supports the adverse credibility determination.

The agency reasonably relied on inconsistencies relating to Chen's testimony regarding the treatment of his fellow church members and his practice of Christianity. Chen submitted a letter from a purported fellow church member in China, Feng Chen, who wrote that he (Feng Chen) was detained for 19 days.

3

Chen testified that Feng Chen was detained for "about 40 days" before confessing that he did not read Feng's letter. The agency reasonably relied on this inconsistency, 8 U.S.C. § 1158(b)(1)(B)(iii), and reasonably concluded that Chen's unfamiliarity with his evidence further undermined his credibility, *see Majidi*, 430 F.3d at 80. And although Chen challenges this inconsistency as trivial, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination," where, as here, "the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The agency also reasonably relied on an inconsistency concerning Chen's church attendance in the United States. 8 U.S.C. § 1158(b)(1)(B)(iii). Chen testified that he attends church almost every week, or two to three times per month. But his letter from his church reflects only 14 visits between August 2012 and February 2014—less than once per month. The agency was not compelled to accept Chen's explanation that he sometimes forgot to "clock in" because he made no effort to corroborate that claim. Administrative Record ("AR") at 110; *see also Majidi*, 430 F.3d at 80. Although Chen presented a witness to corroborate his practice of Christianity in the

4

United States, the agency reasonably gave her testimony diminished weight because she attended church with Chen only once, was unaware of his alleged persecution in China, and believed that he had become a Christian in the United States in 2013, contrary to his testimony that he converted to Christianity in 2008 in China. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that determining weight of evidence is "largely within the discretion of the IJ").

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *Majidi*, 430 F.3d at 81 n.1. The IJ concluded that "frequent long pauses . . . left the impression that [Chen] was testifying from a script rather than from actual memory." AR at 66. Although Chen now attempts to explain that he paused to jog his memory, the agency was not compelled to accept Chen's explanation. *See Majidi, 430 F.3d* at 80; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Having questioned Chen's credibility, the agency did not err in concluding that Chen's corroborating evidence was

5

insufficient to rehabilitate his testimony. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably gave diminished weight to letters from Chen's father, a church official, and a friend in China because they were written by interested parties who were not subject to cross-examination and because Chen "was unfamiliar with some of the documents he submitted." AR at 70; *see also Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given these multiple inconsistencies, the IJ's demeanor finding, and the absence of reliable corroboration for Chen's assertions, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because Chen's claims for asylum, withholding of removal, and CAT relief are all based on the same factual

6

predicate, the adverse credibility ruling is dispositive of all these claims. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk